**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern _____ District of Texas _____
                                        (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Western Boxed Meat Distributors, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   9 3 _ 0 8 2 8 7 3 5

4. **Debtor's address**

   **Principal place of business**

   1209    Orange Street
   Number    Street

   Wilmington          DE      19801
   City                State   ZIP Code

   New Castle
   County

   **Mailing address, if different from principal place of business**

   10300    SW Allen Blvd.
   Number    Street

   P.O. Box
   Beaverton          OR      97076
   City               State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City                State   ZIP Code

5. **Debtor's website (URL)**

   N/A

| Debtor | Western Boxed Meat Distributors, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  2  4  4

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                                              MM / DD / YYYY

                District _____   When _____   Case number _____
                                                              MM / DD / YYYY

---

Debtor    Western Boxed Meat Distributors, Inc.
          _____          Case number (if known)_____
          Name

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.   Debtor    See Attached Rider                     Relationship _____
             _____
             District    Northern District of Texas           When _____
             _____                  MM / DD / YYYY
             Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number        Street

                               _____
                               City                                State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

13. **Debtor's estimation of available funds**

    *Check one:*

    ☒ Funds will be available for distribution to unsecured creditors.

    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

14. **Estimated number of creditors**

    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999

    ☐ 1,000-5,000
    ☒ 5,001-10,000
    ☐ 10,001-25,000

    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **3**

| Debtor | Western Boxed Meat Distributors, Inc. | Case number (if known) _____ |
|--------|------------------------------------------|---------------------------------------------|
| | Name | |

| | | | | |
|---|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

| | | | | |
|---|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/05/2025
        MM / DD / YYYY

✘ /s/ Eric Kaup           Eric Kaup
Signature of authorized representative of debtor      Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✘ /s/ Thomas R. Califano      Date  05/05/2025
Signature of attorney for debtor          MM / DD / YYYY

Thomas R. Califano
Printed name
Sidley Austin LLP
Firm name
2021    McKinney Avenue, Suite 2000
Number    Street
Dallas          TX    75201
City               State    ZIP Code
(214) 981-3300        Tom.Califano@Sidley.com
Contact phone            Email address

24122825            TX
Bar number             State

---

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

**Northern District of Texas**

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Harvest Sherwood Food Distributors, Inc.[1]

- CASCADE FOOD BROKERS INC.
- DEL MAR ACQUISITION INC.
- DEL MAR HOLDING LLC
- HAMILTON MEAT, LLC
- HARVEST MEAT COMPANY, INC.
- HARVEST SHERWOOD FOOD DISTRIBUTORS, INC.
- LAMCP CAPITAL, LLC
- SFD ACQUISITION LLC
- SFD COMPANY LLC
- SFD TRANSPORTATION CORP.
- SHERWOOD FOOD DISTRIBUTORS, L.L.C.
- SURFLINER HOLDINGS, INC.
- WESTERN BOXED MEAT DISTRIBUTORS, INC.

---

[1] In addition, an involuntary chapter 7 petition was filed against Sherwood Food Distributors, L.L.C. on April 18, 2025 in the Bankruptcy Court for the Eastern District of Michigan (case no. 25-44044). The Debtors anticipate that the involuntary chapter 7 proceeding will be dismissed with the consent of the petitioning creditors shortly after the commencement of these chapter 11 cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WESTERN BOXED MEATS<br>DISTRIBUTION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (___) |

## EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Harvest Sherwood Food Distributors, Inc. | 1209 Orange Street, Wilmington, New Castle County, Delaware 19801 | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| HARVEST SHERWOOD FOOD DISTRIBUTORS, INC., *et al.*, | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Harvest Sherwood Food Distributors, Inc. and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"), the Debtors respectfully represent as follows:

1. Del Mar Offshore Partners 2015, L.P., a non-Debtor, directly owns approximately 85% of the outstanding equity interests in Del Mar Holding LLC.

2. Del Mar Holding LLC owns, directly or indirectly, 100% of the outstanding equity interests of the remaining Debtors.

3. To the Best of the Debtors' knowledge and belief, except as set forth above, no other corporation directly or indirectly owns 10% or more of the outstanding equity interests of any Debtor.

## Exhibit A

**Organizational Chart**

Harvest Sherwood Food
Distributors, Inc.
Corporate Structure



**Fill in this information to identify the case and this filing:**

Debtor Name  Western Boxed Meat Distributors, Inc.

United States Bankruptcy Court for the:  Northern          District of  Texas
                                                                          (State)

Case number (If known):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration  List of Equity Security Holders, Consolidated Corporate Ownership Stmt

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/05/2025                ✘ /s/ Eric Kaup
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Eric Kaup
                                          Printed name

                                          Chief Restructuring Officer
                                          Position or relationship to debtor

| Fill in this information to Identify the case: |
|---|
| Debtor Name:   Western Boxed Meat Distributors, Inc. |
| United States Bankruptcy Court for the:    Northern District of Texas (Dallas Division) |
| Case Number (If known): |

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BURFORD CAPITAL 609 W. RANDOLPH STREET CHICAGO, IL  60661 | CONTACT: MARK KLEIN PHONE: 312-757-6070 MKLEIN@BURFORDCAPITAL.COM | UNSECURED LOAN | | | | $35,000,000.00 |
| 2 | NATIONAL BEEF PACKING CO. 12200 NORTH AMBASSADOR DRIVE KANSAS CITY, MO  64163-1244 | CONTACT: PAT MIES PHONE: 800-449-2333 PAT.MIES@NATIONALBEEF.COM | TRADE CLAIM | D | | | $15,571,352.45 |
| 3 | TYSON FOODS, INC. 2200 W. DONTYSONPARKWAY SPRINGDALE, AR  72762 | CONTACT: ADAM DECKINGER PHONE: 479-299-4501 TYSONIR@TYSON.COM; TYSONFOODSPR@TYSON.COM | TRADE CLAIM | D | | | $13,065,908.32 |
| 4 | PITMAN FARMS, INC. 1075 NORTH AVE. SANGER, CA  93657 | CONTACT: RICHIE KING PHONE: 559-875-9300 | TRADE CLAIM | | | | $11,695,061.80 |
| 5 | AB FOODS, LLC 1555 SHORELINE DRIVE SUITE 320 BOISE, ID  83702 | CONTACT: DANIEL QUEZADA PHONE: 208-388-1200 FSRC@AGRIBEEF.COM | TRADE CLAIM | | | | $8,289,668.98 |
| 6 | JBS USA, LLC 1770 PROMONTORY CIRCLE GREELEY, CO  80634-9039 | CONTACT: KIM PRYOR, SANDY ADAMS PHONE: 970-506-8000 SANDY.ADAMS@JBSSA.COM | TRADE CLAIM | D | | | $8,108,328.76 |
| 7 | TRUE WEST BEEF 6026 US-93 JEROME, ID  83338 | CONTACT: SCOTT BARRIER PHONE: 208-933-9000 | TRADE CLAIM | | | | $3,625,299.60 |

Debtor: **Western Boxed Meat Distributors, Inc.**                                      Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8    DUTCH FARMS, INC. 700 E 107TH STREET CHICAGO, IL  60628 | CONTACT: BRUCE BOOMSMA PHONE: 773.260.9102 | TRADE CLAIM | D | | | $3,458,167.70 |
| 9    BAR-S FOODS CO. 3838 N CENTRAL AVE SUITE 1900 PHOENIX, AZ  85012 | CONTACT: GENERAL COUNSEL PHONE: 602-264-7272 CUSTOMERSERVICE@BAR-S.COM | TRADE CLAIM | | | | $3,062,692.16 |
| 10   HORMEL FOODS SALES, LLC 1 HORMEL PLACE AUSTIN, MN  55912-3673 | CONTACT: COLLEEN BATCHELER PHONE: 507-437-5012 MEDIA@HORMEL.COM | TRADE CLAIM | D | | | $2,518,791.57 |
| 11   PERDUE FARMS, INC. 31149 OLD OCEAN CITY RD SALISBURY, MD  21804 | CONTACT: HERB FRERICHS PHONE: 800-457-3738 CORPCOMM@PERDUE.COM | TRADE CLAIM | D | | | $2,485,889.52 |
| 12   INDIANA PACKERS CORP. 550 METROPLEX DRICE NASHVILLE, TN  37211-7230 | CONTACT: RUSS YEARWOOD PHONE: 765.564.3680 SALES@INPAC.COM; PROCUREMENT@INPAC.COM | TRADE CLAIM | D | | | $2,462,524.20 |
| 13   BUTTERBALL, LLC 501 NORTH OAK FOREST ROAD GOLDSBORO, NC  27534 | CONTACT: BRETT WARLOW PHONE: 919-921-9717 BUTTERBALLMEDIA@EDELMAN.COM | TRADE CLAIM | | | | $2,314,642.67 |
| 14   SOUTHWIND FOODS, LLC 20704 FORDYCE AVE CARSON, CA  90810 | CONTACT: SAM GALLETTI PHONE: 323-262-8222 SGALLETTI@SOUTHWINDFOODS.COM | TRADE CLAIM | D | | | $2,289,726.26 |
| 15   VIZ CATTLE CORP. 17890 CASTLETON ST SUITE 350 CITY OF INDUSTRY, CA  91748 | CONTACT: ROGELIO SALINAS PHONE: 855-203-9906 ARECEIVABLES@SUKARNE.COM; RSALINAS@SUKARNEGLOBAL.COM | TRADE CLAIM | D | | | $2,180,471.20 |
| 16   COLEMAN NATURAL FOODS 31149 OLD OCEAN CITY RD SALISBURY, MD  21804 | CONTACT: SUSAN NELSON PHONE: 303-736-5816 SUSAN.NELSON@PERDUE.COM | TRADE CLAIM | | | | $2,004,312.12 |
| 17   E&E FOODS, LLC 801 SOUTH FIDALGO SUITE 100 SEATTLE, WA  98108 | CONTACT: TAB GOTO PHONE: 206-768-8979 SALES@EEFOODS.COM | TRADE CLAIM | | | | $1,959,459.19 |
| 18   AMERICAN FOODS CO. 2209 JEFFERSON ST., 301 ALEXANDRIA, MN  56308 | CONTACT: GENERAL COUNSEL PHONE: 320-759-5904 | TRADE CLAIM | D | | | $1,899,162.27 |
| 19   PILGRIMS PRIDE CORP. 10035 EAST 40TH AVE, SUITE 100 DENVER, CO  80238 | CONTACT: FABIO SANDRI PHONE: 970-506-8057 | TRADE CLAIM | D | | | $1,775,241.08 |
| 20   GREATER OMAHA PACKING CO., INC. 3001 L ST OMAHA, NE  68107 | CONTACT: HENRY DAVIS | TRADE CLAIM | D | | | $1,751,728.02 |

Debtor:  **Western Boxed Meat Distributors, Inc.**                          Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  NEXT PHASE ENTERPRISES 4020 E INDIAN SCHOOL RD PHOENIX, AZ  85018 | CONTACT: MIKE PARKER | TRADE CLAIM | | | | $1,686,921.40 |
| 22  HARTLEY FOODS, INC. 3550 LAKELINE BLVD STE 170-1702 LEANDER, TX  78641 | CONTACT: J. HARTLEY PHONE: 512-917-0808 JHARTLEY225@GMAIL.COM | TRADE CLAIM | D | | | $1,672,040.00 |
| 23  MOUNTAIRE FARMS, INC. 29005 JOHN J WILLIAMS HWY MILLSBORO, DE  19966 | CONTACT: LEN NICHOLSON PHONE: 501-399-8891 SBY-CASHSALES@MOUNTAIRE.COM | TRADE CLAIM | D | | | $1,645,555.33 |
| 24  NEBRASKA BEEF, LTD. 4501 SOUTH 36TH STREET OMAHA, NE  68107 | CONTACT: GENERAL COUNSEL PHONE: 402-733-0412 | TRADE CLAIM | | | | $1,633,324.90 |
| 25  DRIFTLESS MEATS, LLC 331 3RD ST NW WAUCOMA, IA  52171 | CONTACT: ERIN GOLLY, VAN DER ROSE FARMS PHONE: 855-657-1123 | TRADE CLAIM | | | | $1,497,788.52 |
| 26  FORCE OF NATURE, LLC 1902 S CONGRESS AVE SUITE D AUSTIN, TX  78704 | CONTACT: MARSHALL SEEDORFF PHONE: 770-715-8240 MARSHALL@FORCEOFNATUREMEATS.COM | TRADE CLAIM | | | | $1,389,921.33 |
| 27  MARY ANN SPECIALTY FOODS, INC. 1511 E 2ND ST WEBSTER CITY, IA  50595 | CONTACT: P. NETZEL PHONE: 515-832-4740 PNETZEL@MARYANNSFOODS .COM | TRADE CLAIM | | | | $1,362,829.43 |
| 28  GLOBETROTTER TRANSPORTATION, INC. 18 GLANMOORE LOOP ELKINS, WV  26241 | CONTACT: J. WHITE PHONE: 888-370-4306 JWHITE@GLOBETROTTERTRANS.COM | TRADE CLAIM | | | | $1,356,475.09 |
| 29  KOCH FOODS, INC. 1300 HIGGINS ROAD PARK RIDGE, IL  60068 | CONTACT: GENERAL COUNSEL PHONE: 800-692-4548 CONSUMER@KOCHFOODS.COM | TRADE CLAIM | D | | | $1,349,151.38 |
| 30  CUISINE SOLUTIONS, INC. 22445 SOUS VIDE LANE SUITE 100 STERLING, VA  20166 | CONTACT: C. PANAIT PHONE: 703-270-2940 CPANAIT@CUISINESOLUTIONS.COM | TRADE CLAIM | | | | $1,275,263.92 |

## OMNIBUS WRITTEN CONSENT
## OF THE APPROVING PARTIES

### May 5, 2025

Pursuant to the provisions of the Delaware General Corporation Law, the Limited Liability Company Act of the State of Delaware, the California Revised Uniform Limited Liability Company Act, the Oregon Revised Statutes on Business Organizations, the Michigan Limited Liability Company Act, and the Michigan Business Corporation Act, as applicable, each as in effect on the date hereof, each of the entities listed on **Schedule 1** attached hereto (each, a "<u>Company Entity</u>" and collectively, the "<u>Company</u>"), the director, sole member, managing member, or other similar governing authority, as applicable (each, an "<u>Approving Party</u>" and collectively, the "<u>Approving Parties</u>"), hereby adopt and approve the following resolutions:

### Background

**WHEREAS**, the Approving Parties have considered certain materials presented by, or on behalf of, the Company's management ("<u>Management</u>") and financial and legal advisors (including, Sidley Austin LLP, Meru, LLC, Hilco Commercial Industrial, LLC and Hilco Receivables, LLC, collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Approving Parties have reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>");

**WHEREAS**, the Advisors recommend that the Company file the Bankruptcy Petitions and consummate the transactions contemplated herein;

**WHEREAS**, the Company determined in its business judgment to conduct a value-maximizing winddown of its operations; and

**WHEREAS**, the Approving Parties have determined, in the judgment of the Approving Parties, the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

1. **<u>Voluntary Petitions for Relief Under Applicable Bankruptcy Law and Seeking Necessary Relief</u>**

**NOW, THEREFORE BE IT RESOLVED**, that the Approving Parties have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each applicable Company Entity as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER RESOLVED**, that in the judgment of the Approving Parties, it is desirable and in the best interests of each Company Entity, their interest holders, subsidiaries, creditors, and other parties in interest, that each Company Entity shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") for each applicable Company Entity; and, in accordance with the requirements of each Company Entities' governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED**, that any director, member, or duly appointed officer of the Company Entities, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the applicable Company Entity all petitions, schedules, lists, and other motions, papers, or documents (and are authorized to finalize the documents on terms substantially similar to the forms presented to the Approving Parties), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

## 2. Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

**RESOLVED**, that the Company will obtain benefits, as necessary or convenient from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), to the extent applicable, which is security for prepetition secured lenders and the prepetition secured agent (collectively, the "Secured Parties"), if any; (b) entry into a senior secured superpriority debtor-in-possession credit agreement, by and among Harvest Sherwood Food Distributors Inc. and certain of its affiliates as borrowers and/or guarantors, the lenders from time to time party thereto, and JP Morgan Chase Bank, NA, as agent (the "DIP Facility Agreement"), which shall include: (i) a senior secured superpriority debtor-in-possession revolving credit facility in the aggregate amount of $105,000,000 (the "DIP Facility" and the loans advanced under the DIP Facility, the "DIP Loans");

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "DIP Order") to be filed with the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to the Approving Party, and the Company is hereby authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility Agreement, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility Agreement, the "DIP Documents"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof);

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petition, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**FURTHER RESOLVED**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the collateral agent under the DIP Facility (if any, the "DIP Agent") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and

**FURTHER RESOLVED**, that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### 3.  Retention of Professionals

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) the financial advisory firm of Meru, LLC, (iii) Hilco Commercial Industrial, LLC and Hilco Receivables, LLC, as restructuring advisor; (iv) Epiq Corporate Restructuring, LLC, as noticing and claims agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### 4.  Further Actions and Prior Acts

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company Entity's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company Entities relating to the Restructuring Matters;

**FURTHER RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such

approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**, that the applicable Approving Parties of each of the Company Entities organized as limited liability companies (a "Company LLC") hereby approve and agree to amend their applicable governing documents to provide that the bankruptcy of any member of a Company LLC will not cause such member to cease to be a member of such Company and upon the occurrence of such an event, the business of such Company shall continue without dissolution;

**FURTHER RESOLVED**, that the Approving Parties have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company Entities, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company Entity with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Parties.

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of each of the below entities, has executed this written consent and hereby consents to the foregoing resolutions effective as of the date first written above.

**DEL MAR HOLDING LLC**

**DEL MAR ACQUISITION INC.**

Signed by:

77A69222F0DD488...

Name: Jill Frizzley

Title: Director

Docusign Envelope ID: A5C98775-D51B-4FB0-B954-7A358B69FB4F

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of each of the below entities, has executed this written consent and hereby consents to the foregoing resolutions effective as of the date first written above.

**SURFLINER HOLDINGS, INC.**

**HARVEST SHERWOOD FOOD DISTRIBUTORS, INC.**

**HARVEST MEAT COMPANY, INC.**

**LAMCP CAPITAL, LLC**

**WESTERN BOXED MEATS DISTRIBUTORS, INC.**

**CASCADE FOOD BROKERS, INC.**

**HAMILTON MEAT, LLC**

**SFD TRANSPORTATION CORP.**

Signed by:

77A69222F0DD488...

Name: Jill Frizzley

Title: Director

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of SFD Acquisition LLC, has executed this written consent and hereby consents to the foregoing resolutions effective as of the date first written above.

**HARVEST SHERWOOD FOOD DISTRIBUTORS, INC.**, sole member

Name: Eric Kaup
Title: Chief Restructuring Officer

Docusign Envelope ID: A5C98775-D51B-4FB0-B95A-7A358B69FB4F

 

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of Sherwood Food Distributors L.L.C., has executed this written consent and hereby consents to the foregoing resolutions effective as of the date first written above.

 

 

**SFD ACQUISITION LLC**, sole member

Name: Eric Kaup

Title: Chief Restructuring Officer

**IN WITNESS WHEREOF**, the undersigned, being the Approving Party of SFD Company LLC, has executed this written consent and hereby consents to the foregoing resolutions effective as of the date first written above.

SHERWOOD  FOOD  DISTRIBUTORS
L.L.C., sole member

Name: Eric Kaup
Title: Chief Restructuring Officer

## **Schedule 1**

DEL MAR HOLDING LLC
DEL MAR ACQUISITION INC.
SURFLINER HOLDINGS, INC.
HARVEST SHERWOOD FOOD DISTRIBUTORS, INC.
HARVEST MEAT COMPANY, INC.
LAMCP CAPITAL, LLC
WESTERN BOXED MEAT DISTRIBUTION, INC.
CASCADE FOOD BROKERS, INC.
HAMILTON MEAT, LLC
SFD ACQUISITION LLC
SFD TRANSPORTATION CORP.
SHERWOOD FOOD DISTRIBUTORS, L.L.C.
SFD COMPANY LLC